TUCKER ELLIS & WEST LLP
MICHAEL C. ZELLERS-STATE BAR NO. 146904
PETER E. SCHNAITMAN-STATE BAR NO. 218982
SU-LYN COMBS-STATE BAR NO. 209834
TAE-YOON KIM-STATE BAR NO. 209934
1000 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90017-2475
Telephone:  213.430.3400
Facsimile:  213.430.3409
michael.zellers@tuckerellis.com
peter.schnaitman@tuckerellis.com
su-lyn.combs@tuckerellis.com
tae.kim@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION
and G.D. SEARLE LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY DOHNER, individually and as successor in interest to DEBORA DOHNER, deceased, <br><br> Plaintiff, <br><br> v. <br><br> MERCK & COMPANY, INC., a corporation; McKESSON CORPORATION, a corporation; AMERISOURCEBERGEN DRUG CORPORATION, a corporation; PFIZER, INC.; PHARMACIA CORPORATION; G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.); DOES 1 to 100; PHARMACEUTICAL DEFENDANT DOES 101 to 200, and DISTRIBUTOR DEFENDANT DOES 201 to 300, inclusive, <br><br> Defendants. | Case No. 2:06-CV-02853-DFL-DAD <br><br> **DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREIN** |

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

---

Defendants Pfizer Inc. ("Pfizer") (erroneously captioned as Pfizer, Inc.),

Pharmacia Corporation, G.D. Searle LLC ("Searle") (erroneously captioned as

G.D. Searle LLC, (fka G.D. Searle & Co.)) (collectively "Defendants") for

themselves, submit this Answer to Plaintiff's Complaint.

### 1(a) Causes Of Action and Parties Alleged in the Master Complaint:

1.      Paragraph 1 of Plaintiff's Complaint states Plaintiff's own assertions

and legal conclusions to which no response is required.  To the extent a response is

deemed required, Defendants deny the allegations contained in paragraph 1,

including subparts a through b, of Plaintiff's Complaint.

2.      Defendants have insufficient information or knowledge concerning

the citizenship of Plaintiff, and therefore deny the same.

3.      Paragraph 3 of Plaintiff's Complaint states Plaintiff's own assertions

and legal conclusions to which no response is required.  To the extent a response is

deemed required, Defendants deny the allegations contained in paragraph 3 of

Plaintiff's Complaint.

4.      The allegations relating to Vioxx® are unrelated to Defendants and

therefore no response is required.  To the extent a response is deemed required,

Defendants have insufficient information or knowledge and therefore deny the

same.  Defendants are without knowledge with regard to the decedent's

prescription and use of Celebrex® and/or Bextra®, and therefore deny the same.

Defendants deny the remaining allegations contained in paragraph 4 of Plaintiff's

Complaint.

5.      The allegations relating to Vioxx® are unrelated to Defendants and

therefore no response is required.  To the extent a response is deemed required,

Defendants have insufficient information or knowledge and therefore deny the

same.  Defendants are without knowledge with regard to the decedent's

prescription and use of Celebrex® and/or Bextra®, and therefore deny the same.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583194 / 1 /

Defendants deny the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6.    The allegations relating to Vioxx® are unrelated to Defendants and therefore no response is required.  To the extent a response is deemed required, Defendants have insufficient information or knowledge and therefore deny the same.  Defendants state that, at times relevant to this lawsuit, Bextra® and Celebrex® were safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were adequately described in their FDA-approved prescribing information, which were at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge with regard to Plaintiff's allegations relating to any person's "reliance" referred to in paragraph 6.  Defendants deny the remaining allegations contained in paragraph 6, including subparts a through e, of Plaintiff's Complaint.

7.    Defendants deny that Plaintiff is entitled to the damages and relief requested in paragraph 7 of Plaintiff's Complaint.

## 1(b) Causes Of Action and/or Parties Not Alleged in the Master Complaint: ADDITIONAL DEFENDANTS

1.    Pfizer admits that it is a Delaware corporation with its principal place of business in New York, New York.  Further answering, Defendants admit that Pfizer merged with Pharmacia in April 2003.  Pfizer admits that, during certain periods of time, it marketed and co-promoted Celebrex® and Bextra®.  By way of further answer, Defendants state that paragraph 1 contains legal conclusions to which no answer is required.  Defendants deny the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2.    Paragraph 2 of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is

3.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

1  deemed required, Defendants deny the allegations contained in paragraph 2 of

2  Plaintiff's Complaint.

3      3.     Pharmacia admits that it is a Delaware corporation with its principal

4  place of business in New Jersey.  Defendants admit that in 1933 an entity known as

5  Monsanto Company (”1933 Monsanto”) was incorporated under the laws of

6  Delaware.  Defendants further admit that on March 31, 2000, a subsidiary of the

7  1933 Monsanto Company merged with Pharmacia & Upjohn, Inc. and the 1933

8  Monsanto Company changed its name to Pharmacia Corporation.  Pharmacia

9  admits that, during certain periods of time, it marketed Celebrex® and Bextra®.

10 By way of further answer, Defendants state that paragraph 3 contains legal

11 conclusions to which no answer is required.  Defendants deny the remaining

12 allegations contained in paragraph 3 of Plaintiff's Complaint.

13     4.     Searle admits that it is a wholly-owned subsidiary of Pharmacia

14 Corporation, which is in turn a wholly-owned subsidiary of Pfizer.  Searle is a

15 Delaware limited liability corporation with its principal place of business in

16 Illinois.  Searle admits that during certain periods of time it tested, co-promoted

17 and developed Celebrex® and Bextra®.  During certain periods of time,

18 Celebrex® and Bextra® were manufactured and packaged for Searle.  By way of

19 further answer, Defendants state that paragraph 4 contains legal conclusions to

20 which no answer is required.  Defendants deny the remaining allegations contained

21 in paragraph 4 of Plaintiff's Complaint.

22     5.     Defendants incorporate herein their responses to paragraphs 1, 3 and 4

23 of Plaintiff's Complaint.  Defendants deny the remaining allegations contained in

24 paragraph 5 of Plaintiff's Complaint.

25     6.     Paragraph 6 of Plaintiff's Complaint states Plaintiff's own assertions

26 and legal conclusions to which no response is required.  To the extent a response is

27 deemed required, Defendants deny the allegations contained in paragraph 6 of

28 Plaintiff's Complaint.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

4.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583194 / 1 /

7.    Paragraph 7 of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.    Paragraph 8 of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.    Paragraph 9 of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.    Defendants state that, at times relevant to this lawsuit, Bextra® and Celebrex® were safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were adequately described in their FDA-approved prescribing information, which were at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11.    Paragraph 11 of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

12.    Defendants state that the potential effects of Bextra® and Celebrex® were adequately described in their FDA-approved prescribing information, which were at all times adequate and comported with applicable standards of care and

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583194 / 1 /

law.  Defendants deny the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.  Defendants admit that Bextra® and Celebrex® are selective Cox-2 inhibitor non-steroidal anti-inflammatory drugs ("NSAID").  Defendants admit that Celebrex® received FDA approval on December 31, 1998.  Defendants further admit that Celebrex® is indicated for relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis.  Defendants state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14.  Defendants admit that Bextra® was approved by the FDA on November 16, 2001.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15.  Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.  Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.  Plaintiff fails to provide the proper context for the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore, Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore deny the same.

6.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT

LAimanage / 28762 / 00002 / 583194 / 1 /

18.    Plaintiff fails to provide the proper context for the allegations contained in paragraph 18 of Plaintiff's Complaint and therefore, Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint, and therefore deny the same.

19.    Plaintiff fails to provide the proper context for the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore, Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore deny the same.

20.    Plaintiff fails to provide the proper context for the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore, Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint, and therefore deny the same.

21.    Plaintiff fails to provide the proper context for the allegations contained in paragraph 21 of Plaintiff's Complaint and therefore, Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore deny the same.

22.    Plaintiff fails to provide the proper context for the allegations contained in paragraph 22 of Plaintiff's Complaint.   Defendants state that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23.    Defendants state that the potential effects of Bextra® and Celebrex® were adequately described in their FDA-approved prescribing information, which were at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583194 / 1 /

24.     Plaintiff fails to provide the proper context for the allegations contained in paragraph 24 of Plaintiff's Complaint.   Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005, at the request of the FDA.  Defendants deny the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against these Defendants.

### SECOND AFFIRMATIVE DEFENSE

2.     This Court lacks personal jurisdiction over these Defendants.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff is barred from any recovery against these Defendants by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4.     The Complaint is barred by reason of the doctrine of laches and by the fundamental unfairness and prejudice of the excessive and lengthy delay from the date of the alleged use of Bextra® and Celebrex® to the filing of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the applicable statutes of limitation.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

8.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583194 / 1 /

## SIXTH AFFIRMATIVE DEFENSE

6.     Any and all injuries suffered by Plaintiff or Plaintiff's decedent, the fact of which is expressly denied by these Defendants, were the direct and proximate result of sensitivities, medical conditions, reactions and/or idiosyncrasies peculiar to Plaintiff's decedent that were unknown, unknowable or not reasonably foreseeable to these Defendants, and not, as alleged, as a direct and proximate result of wrongful conduct on the part of these Defendants, the fact of which is expressly denied by these Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

7.     No act or omission of these Defendants was a substantial factor in bringing about the alleged injuries of Plaintiff or Plaintiff's decedent, nor was any such act or omission a contributing cause thereof, and any alleged acts or omissions of these Defendants were superseded by the acts or omissions of others, including Plaintiff, which were the independent, intervening and proximate cause of any injury, damage, or loss sustained by Plaintiff or Plaintiff's decedent.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Defendants state on information and belief that any injuries, losses or damages suffered by Plaintiff or Plaintiff's decedent were proximately caused, in whole or in part, by the failure of Plaintiff or Plaintiff's decedent to exercise ordinary care and to follow the advice, information, warnings and/or instructions provided with the product and therefore, Plaintiff's recovery, if any, must be diminished by the proportion of the negligence of Plaintiff or Plaintiff's decedent which proximately caused or contributed to the alleged injuries, losses or damages.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583194 / 1 /

## NINTH AFFIRMATIVE DEFENSE

9.      Defendants state on information and belief that any injuries, losses or damages suffered by the Plaintiff or Plaintiff's decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than these Defendants.

## TENTH AFFIRMATIVE DEFENSE

10.      Defendants state on information and belief that Plaintiff or Plaintiff's decedent failed to mitigate injuries, losses or damages, if any, suffered as a result of the incident and facts set forth in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiff's or Plaintiff's decedent's alleged injuries and damages, if any, were the result of the misuse of Bextra® and Celebrex®.  Defendants further allege that if Plaintiff or Plaintiff's decedent suffered injuries attributable to the use of Bextra® and Celebrex®, which allegations are expressly denied, the injuries, if any, were solely caused and attributable to the unreasonable, unforeseeable and improper use of Bextra® and Celebrex® by Plaintiff, decedent, and/or third parties.

## TWELFTH AFFIRMATIVE DEFENSE

12.      Plaintiff has failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to these Defendants in any possible future litigation.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

10.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583194 / 1 /

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2     13.    The manufacture, distribution and sale of Bextra® and Celebrex®

3   referred to in Plaintiff's Complaint were at all times in compliance with all federal

4   regulations and statutes, and Plaintiff's causes of action are preempted.

5

6

## FOURTEENTH AFFIRMATIVE DEFENSE

7     14.    To the extent that Plaintiff  asserts claims based on these Defendants'

8   alleged adherence or lack of adherence to and compliance with applicable federal

9   laws, regulations, and rules, such claims are preempted by federal law under the

10   Supremacy Clause of the United States Constitution.

11

12

## FIFTEENTH AFFIRMATIVE DEFENSE

13     15.    Plaintiff is barred from recovering against Defendants because

14   Plaintiff's claims are preempted in accordance with the Supremacy Clause of the

15   United States Constitution and by the Federal Food, Drug and Cosmetics Act

16   ("FDCA"), 21 U.S.C. § 301 *et. seq.*, and regulations promulgated thereunder, with

17   the regulations promulgated by the FDA to implement the FDCA, with the

18   purposes and objectives of the FDCA and the FDA's implementing regulations,

19   and with the specific determinations by the FDA specifying the language that

20   should be used in the labeling accompanying the subject pharmaceutical product.

21

22

## SIXTEENTH AFFIRMATIVE DEFENSE

23     16.    Plaintiff's claims are barred in whole or in part under the applicable

24   state law because Bextra® and Celebrex® are subject to and received pre-market

25   approval by the FDA under 52 Stat. 1040; 21 U.S.C. § 301.

26

27

28

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

11.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.**
**SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583194 / 1 /

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the FDA over Bextra® and Celebrex® under applicable federal laws, regulations, and rules.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the FDA under applicable federal laws, regulations, and rules.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    The warning, labeling, advertising and sale of Bextra® and Celebrex® complied at all times with the FDCA, 21 U.S.C. § 300 *et seq.* and the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.*  Consequently, Plaintiff's Complaint is preempted by these acts and compliance with these acts constitutes a complete or partial defense to the allegations of Plaintiff's Complaint against Defendants, including any claim for punitive damages.  Alternatively, Defendants are entitled to a presumption that Bextra® and Celebrex® are not defective or unreasonably dangerous and that their labeling were and are adequate.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    If Bextra® and Celebrex® manufactured or sold by these Defendants were involved in the incident alleged in the Complaint herein, which these Defendants deny, then and in that event, Bextra® and Celebrex® were not defective at the time that they left the control of these Defendants.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583194 / 1 /

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Applicable definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and an undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Bextra® and Celebrex® conformed to the then current state of the art. Further, the then current state of medical, scientific and industrial knowledge, art and practice was such that these Defendants did not know, and could not reasonably have known, that Bextra® and Celebrex® might pose a risk of harm in normal and foreseeable use.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Defendants allege that Bextra® and Celebrex® were and are fit and proper for its intended purpose and that the utility of Bextra® and Celebrex® outweigh any possible risk inherent in the use of Bextra® and Celebrex®.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Defendants are informed and believe and thereon allege that, at or about the times, dates and places mentioned in the Complaint, if any risk was attendant upon Plaintiff or Plaintiff's decedent, which Defendants deny, Plaintiff or Plaintiff's decedent knew full well of such risk, were warned of such risk and voluntarily, and without compulsion or coercion, encountered and assumed such risk.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.**
**SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583194 / 1 /

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Bextra® and Celebrex® have at all relevant times been available only upon the prescription of a licensed physician and Plaintiff's decedent's prescribing physicians stood in the position of the learned intermediaries between Defendants and Plaintiff or Plaintiff's decedent.  To the extent that Plaintiff asserts claims based on an alleged failure by Defendants to warn Plaintiff or Plaintiff's decedent directly of alleged dangers associated with the use of the subject pharmaceutical products at issue, such claims are barred because Defendants have discharged their duty to warn in their warnings to the prescribing physicians, under the learned intermediary doctrine.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims against Defendants are barred under § 6(c) of the Restatement of Torts (Third):  Products Liability.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Plaintiff's strict liability claims are barred by the unavoidably dangerous product defense stated in Comment k to § 402A of the Restatement (Second) of Torts.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of Bextra® and Celebrex® within the meaning of Comment j to § 402A of the Restatement (Second) of Torts.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583194 / 1 /

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    Plaintiff's claims are barred in whole or in part because Bextra® and Celebrex® "provided net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    Defendants allege that in the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred since there was no reliance upon representations, if any, of these Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    Plaintiff's claims of fraud and concealment are barred by reason of Plaintiff's failure to allege the circumstances constituting the alleged fraud and concealment with particularity.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Defendants are informed and believe and thereon allege that Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance with any express representation.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are

15.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT

LAimanage / 28762 / 00002 / 583194 / 1 /

unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable state constitutional provisions.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff or Plaintiff's decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff or Plaintiff's decedent and to the amount of compensatory damages; if any; (5) permits jury consideration of net worth or other financial information relating to these Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of these Defendants, no act or omission was oppressive, fraudulent, or malicious, and therefore, any award of punitive damages is barred.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583194 / 1 /

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiff's claims are barred in whole or in part because all acts or omissions by these Defendants (or their agents or representatives) were privileged or justified and any claim based thereon is barred.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to bring such claims.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.    Plaintiff's claims are barred in whole or in part because Defendants have been improperly joined in this action.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    Plaintiff or Plaintiff's decedent was contributorily or comparatively negligent, which contributory or comparative negligence constitutes a proximate cause of harm to Plaintiff or Plaintiff's decedent.

## FORTIETH AFFIRMATIVE DEFENSE

40.    Plaintiff's claims are barred because Plaintiff's decedent would have taken Bextra® and Celebrex® even if Bextra® and Celebrex® labeling contained the information that Plaintiff contends should have been provided.

## FORTY-FIRST AFFIRMATIVE DEFENSE

41.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Bextra® and Celebrex® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

17.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583194 / 1 /

## FORTY-SECOND AFFIRMATIVE DEFENSE

42.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

## FORTY-THIRD AFFIRMATIVE DEFENSE

43.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

44.    Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff or Plaintiff's decedent herein.  Additionally, as a manufacturer and not a seller, Defendants are not subject to liability for implied warranties without privity, i.e., proof of direct and specific transactions between the Plaintiff or Plaintiff's decedent and Defendants.  If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff or Plaintiff's decedent failed to give timely notice of any breach thereof.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

45.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

46.    Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other defendant or other person or entity.

18.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583194 / 1 /

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are barred in whole or part because they have been filed in an improper venue.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.     To the extent Plaintiff seeks restitution or damages on behalf of individuals who used Bextra® and Celebrex® and suffered no damage or loss as a result thereof, restitution or damages are unavailable as nothing has been taken from those individuals, who allegedly could have an equitable basis for restitution or damages.

## FORTY-NINTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims for restitution for products previously used are barred in whole or in part because the Plaintiff or Plaintiff's decedent received benefits from the subject pharmaceutical products and nothing was wrongfully taken from Plaintiff or Plaintiff's decedent.

## FIFTIETH AFFIRMATIVE DEFENSE

50.     Defendants intend to rely upon such other affirmative defenses as may become available or apparent during the course of investigation, discovery, or trial, and reserve the right to amend the Answer to assert such other defenses to which they may be entitled.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

19.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583194 / 1 /

3.    That Defendants be awarded its costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals its proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

DATED:  December 21, 2006                    TUCKER ELLIS & WEST LLP


By:   /S/  Tae-Yoon Kim
      Tae-Yoon Kim

Attorneys for Defendants
PFIZER INC., PHARMACIA
CORPORATION, and G.D.
SEARLE LLC

20.

LAimanage / 28762 / 00002 / 583194 / 1 /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

DATED:  December 21, 2006                    TUCKER ELLIS & WEST LLP


By:  __/S/  Tae-Yoon Kim____
        Tae-Yoon Kim

Attorneys for Defendants
PFIZER INC., PHARMACIA
CORPORATION, and G.D.
SEARLE LLC

21.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583194 / 1 /

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action.  My business address is Tucker Ellis & West LLP, 1000 Wilshire Blvd., Suite 1800, Los Angeles, California 90017-2475.

On December 21, 2006, I served the foregoing document **DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** by placing a true and correct copy of each document thereof, enclosed in a sealed envelope(s), addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

(X)    I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

( )    By Certified mail service return receipt requested, I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

( )    By Personal Service, I caused such envelope(s) to be delivered by hand to the individuals so indicated at the address listed.

( )    By overnight courier, I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above address(es) or on the attached service list.

( )    By facsimile machine, I caused the above-referenced document(s) to be transmitted to the person(s) named above or on the attached service list at the facsimile numbers given thereat.

(X)    I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

(X)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on December 21, 2006 at Los Angeles, California.


        /S/   Maria Valdez
        Maria Valdez

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583194 / 1 /

# SERVICE LIST

Theodore J. Holt, Esq.
David R. Zarka, Esq.
Alissa S. Holt, Esq.
HACKARD & HOLT
11335 Gold Express Drive, Suite 105
Gold River, CA 95670

Tel: 916.853.3000
Fax: 916.853.3010

***COUNSEL FOR PLAINTIFF***

2.

**PROOF OF SERVICE**

LAimanage / 28762 / 00002 / 583194 / 1 /